PEOPLE ex rel. HUBERT v. KAISER, Warden.

(Supreme Court, Appellate Division, First Department. May 21, 1912.)

BAIL (§ 44*) — CRIMINAL PROSECUTION — PENDENCY OF APPEAL — STATUTORY PROVISIONS.

Under Code Civ. Proc. § 2062, which provides that, where a prisoner who stands charged with a bailable offense has appealed to the Court of Appeals from a final order of the Supreme Court affirming an order refusing his discharge or reversing an order granting his discharge, the court from whose order the appeal is taken, or a judge thereof, must, upon application, admit him to bail, the admission to bail of one convicted of an offense and serving his sentence in the state's prison pending an appeal to the Court of Appeals from an order granting a retrial on the indictment was not within the contemplation of the statute, and a motion therefor was properly refused.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 145; Dec. Dig. § 44.*]

Habeas corpus by the People, on the relation of Martin F. Hubert, against Harry M. Kaiser, as Warden and Agent of Clinton Prison, to procure the discharge from such prison of Folke Engle Brandt. Application by the People to stay proceedings on an order of the Appellate Division (135 N. Y. Supp. 274) dismissing the writ and re-

manding the prisoner to the state's prison pending an appeal to the Court of Appeals. Application denied.

Argued before INGRAHAM, P. J., McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Mirabeau L. Towns, for the motion.

Charles S. Whitman, Dist. Atty., New York county (Charles F. Bostwick and Robert S. Johnstone, on the brief), and Arthur S. Hogue, Dist. Atty., Clinton county (Thomas H. O'Brien and John Willett, on the brief), opposed.

PER CURIAM. This application is made under section 2062 of the Code of Civil Procedure, which provides that:

"Where a prisoner, who stands charged with an offense, specified in the last section, has perfected an appeal, to the Court of Appeals, from a final order of the Supreme Court, affirming an order refusing his discharge or reversing an order granting his discharge, the court from whose order the appeal is taken, or a judge thereof, must, upon his application, admit him to bail as prescribed in the last section."

The prisoner in this case does not stand charged with an offense specified in section 2060 or section 2061 of the Code of Civil Procedure. Section 2060 provides that:

"Where a prisoner, who stands charged, upon a criminal accusation, with a bailable offense, has perfected, or intends to take, an appeal from a final order dismissing the proceedings, remanding him, or otherwise refusing to discharge him."

Section 2061 provides for a recognizance upon admitting a prisoner who thus stands charged to bail. The prisoner in this case does not stand charged with any offense. He is held under the conviction of a court of competent jurisdiction, and is serving out his sentence under such judgment. We therefore think the court has no power to admit the prisoner to bail pending the appeal. No reason is shown why an order staying the proceedings should be granted. If the judgment of this court is correct, the proper place for the prisoner is in state's prison serving out his sentence. If the Court of Appeals should reverse the order of this court, it can discharge the prisoner from the state's prison as well as from the county jail.

The application is therefore denied.